# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—JUNE TERM, 1879.

### JANE COOPER
### v.
### WILLIAM COOPER.

RULE ON CLERK TO ISSUE MANDATE.—COSTS MUST FIRST BE PAID.—
Before the court will enter an order on the clerk to issue a certified copy of
an order reversing and remanding a cause, all the costs in the Appellate
Court for which the party applying for such order is liable must be paid;
payment of the fees for such copy alone is not sufficient.

ERROR to the Circuit Court of LaSalle county; the Hon. E.
S. LELAND, Judge, presiding. Opinion filed July 11, 1879.

Mr. D. P. JONES, for the motion.

Mr. WALTER REEVES, against the motion; cited Lincoln v.
Stowell, Ill. Sup. Ct., 1877, unreported.

LACEY, J. This is a motion by defendant in error, for a rule
on the clerk of this court to show cause why he should not
make and deliver to the defendants in error a certified copy of
the order of this court reversing and remanding this cause.

(167)

It appears from the answer of the clerk, and the affidavit of the defendant in error, that the clerk has been tendered his costs only, and that there are other costs which the defendant in error is liable to pay, to-wit: transcript fee and the printing of abstracts. The clerk insists that he is not bound to issue the final order of *remittitur* until all the costs are paid for which the defendant is liable.

The last clause of the amended act "Fees and Salaries of Clerks of the Supreme Court," Sec. 12, page 80, laws 1875, provides: "That the clerks shall not be required to issue a final order in any cause until all costs for which the party seeking such final order is liable in such cause have been paid."

The act to establish Appellate Courts, in force July 1st, 1877, Laws 1877, p. 69, provides, Sec. 3, that, "the clerks of the Appellate Court shall be allowed to receive the same fees for services in the Appellate Court as are allowed for like services in the Supreme Court." Sec. 10, of the same act provides: " That the process, practice and pleadings in said court shall be uniform, and shall be the same as process, practice and pleadings now prescribed, or which may hereafter be prescribed, in and for the said Supreme Court of this State, so far as applicable."

It appears evident that the legislature intended that the practice in the Appellate Court should be the same as in the Supreme Court, including the issuing of final process, and that the process should be the same, both in manner of issuing and the form.

It, therefore follows, that all the costs, including the transcript fee and the printing of abstracts, all of which the defendant in error is liable to pay, should be paid before he is entitled to have issued the final order of *remittitur*.

The motion is therefore overruled.